DOWNEY BRAND LLP
JAMIE P. DREHER (Bar No. 209380)
jdreher@downeybrand.com
SEAN J. FILIPPINI (Bar No. 232380)
sfilippini@downeybrand.com
CHRISTOPHER M. KOLKEY (Bar No. 300206)
ckolkey@downeybrand.com
621 Capitol Mall, 18th Floor
Sacramento, California 95814
Telephone:   916.444.1000
Facsimile:    916.444.2100

Attorneys for ANVIL POWER, INC., ANVIL EQUIPMENT COMPANY LP, ANVIL BUILDERS, ANVIL HOLDINGS, INC., ANVIL GROUP, LLC, ALAN GUY, and RICHARD J. LEIDER

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>KINGSBOROUGH ATLAS TREE SURGERY, INC.,<br><br>Debtor. | Case No. 25-10088 WJL<br><br>Chapter 11<br><br>AP No. 25-01008 |
| KINGSBOROUGH ATLAS TREE SURGERY, INC., A California corporation, RICHARD KINGSBOROUGH, an individual, and CINDY KINGSBOROUGH, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>ANVIL POWER, INC., a California corporation, ANVIL EQUIPMENT COMPANY LP, a California limited partnership, ANVIL BUILDERS, a California corporation, ANVIL HOLDINGS, INC., a California corporation, ANVIL GROUP, LLC, a California limited liability company; ALAN GUY, an individual; RICHARD J. LEIDER, an individual, and DOES 1-100,<br><br>Defendants. | **DEFENDANTS ANVIL POWER, INC., ANVIL EQUIPMENT COMPANY LP, ANVIL BUILDERS, ANVIL HOLDINGS, INC., ANVIL GROUP, LLC, ALAN GUY, AND RICHARD J. LEIDER MOTION TO REMAND THE FIRST AMENDED COMPLAINT, OR, IN THE ALTERNATIVE, TO ABSTAIN FROM HEARING THE FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: July 23, 2025<br>Time: 10:30 am<br>Dept.: 220<br>Judge: Hon. William J. Lafferty |

# TABLE OF CONTENTS

| | Page |
|---|---|
| I. INTRODUCTION | 6 |
| II. PROCEDURAL BACKGROUND | 7 |
|     A. KBA Files Chapter 11 Bankruptcy. | 7 |
|     B. The Initial Complaint. | 7 |
|     C. The First Amended Complaint's Allegations. | 7 |
|     D. The Cross-Complaint. | 8 |
|     E. Plaintiffs Remove the First Amended Complaint to this Court. | 9 |
| III. LEGAL STANDARD | 10 |
| IV. LEGAL ANALYSIS | 11 |
|     A. The Court Does Lacks Jurisdiction Over the Kingsborough's Individual Claims. | 11 |
|         1. The Kingsboroughs' Claims Do Not "Arise Under" or "Arise In" Title 11. | 11 |
|         2. The Kingsboroughs' Individual Claims Do Not Relate to a Case Under Title 11. | 12 |
|     B. The Action Should Be Remanded to State Court Pursuant to 28 U.S.C. 1452(b). | 14 |
|     C. In the Alternative, the Court Must Abstain from Hearing the Removed Matter. | 15 |
|         1. Abstention Is Mandatory Under 28 U.S.C. § 1334(c)(2). | 15 |
|         2. The Court Should Otherwise Abstain Under 28 U.S.C. § 1334(c)(1). | 16 |
| V. CONCLUSION | 19 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re ACI-HDT Supply Co.*,
   205 B.R. 231 (B.A.P. 9th Cir. 1997) ............................................................................... 12, 13

*Boggs v. Lewis*,
   863 F.2d 662 (9th Cir. 1988) ................................................................................................ 10

*Cardinalli v. Superior Court for Cnty. of Monterey*,
   No. 5:12-CV-06356-LHK, 2013 WL 5961098 (N.D. Cal. Nov. 7, 2013) ............................. 12

*Celotex Corp. v. Edwards*,
   514 U.S. 300 (1995) ............................................................................................................. 13

*Colorado River Water Conservation Dist. v. United States*,
   424 U.S. 800 (1976) .......................................................................................................... 9, 18

*In re Eastport Assocs.*,
   935 F.2d 1071 (9th Cir. 1991) .............................................................................................. 17

*In re Fietz*,
   852 F.2d 455 (9th Cir. 1988) ................................................................................................ 12

*In re Franklin*,
   179 B.R. 913 (Bankr. E.D. Cal. 1995) ............................................................................ 10, 15

*Gaus v. Miles, Inc.*,
   980 F.2d 564 (9th Cir. 1992) ................................................................................................ 10

*In re Gen. Carriers Corp.*,
   258 B.R. 181 (B.A.P. 9th Cir. 2001) ........................................................................ 11, 12, 15

*In re Golden Inv. Acquisitions, LLC*,
   508 B.R. 381 (Bankr. N.D. W. Va. 2014) ........................................................................ 13,14

*In re Harris Pine Mills*,
   44 F.3d 1431 (9th Cir. 1995) ................................................................................................ 11

*In re Int'l Mfg. Grp., Inc.*,
   574 B.R. 717 (Bankr. E.D. Cal. 2017) .................................................................................. 10

*In re Lazar*,
   200 B.R. 358 (Bankr. C.D. Cal. 1996) .................................................................................. 16

*In re Marathon Home Loans*,
    96 B.R. 296 (E.D. Cal. 1989) .................................................................................... 15

*In re McCarthy*,
    230 B.R. 414 (B.A.P. 9th Cir. 1999) ................................................................... 10, 14

*Nishimoto v. Federman-Bachrach & Associates*,
    903 F.2d 709 (9th Cir. 1990) ....................................................................................... 10

*Pacor, Inc. v. Higgins*,
    743 F.2d 984 (3d Cir. 1984) ................................................................................. 12, 13

*In re Princess Louise Corp.*,
    77 B.R. 766 (Bankr. C.D. Cal. 1987) .......................................................................... 10

*Shamrock Oil & Gas Corp. v. Sheets*,
    313 U.S. 100 (1941) .................................................................................................... 10

*Williams v. Shell Oil Co.*,
    169 B.R. 684 (S.D. Cal. 1994) .................................................................................... 16

**Statutes**

28 U.S.C. § 157 ............................................................................................... 10, 11, 16

28 U.S.C. § 1334 ................................................................................................. *passim*

28 U.S.C. § 1452 ................................................................................................. *passim*

Cal. Bus. & Prof. Code, § 17200 ........................................................................................ 8

Federal Rules of Bankruptcy Procedure, Rule 9027 ................................................... 6, 10

**Other Authorities**

U.S. Bankruptcy Court of the Northern District of Cal., Local Rule 7012-1 ................. 6

U.S. Bankruptcy Court of the Northern District of Cal., Local Rule 9027-1 ................. 6

# MOTION

Defendants Anvil Power, Inc., Anvil Equipment Company LP, Anvil Builders, Anvil Holdings, Inc., Anvil Group, LLC, Alan Guy, and Richard J. Leider (collectively, "Defendants") hereby move the Court for an order granting Defendants' motion to remand plaintiffs Kingsborough Atlas Tree Surgery, Inc., Richard Kingsborough, and Cindy Kingsborough's (collectively, "Plaintiffs") First Amended Complaint ("FAC") in its entirety or, in the alternative, to abstain from hearing the FAC ("Motion").

This Motion is made on the ground that the Court lacks jurisdiction under 28 U.S.C. § 1334(b) over the Richard Kingsborough and Cindy Kingsborough's (the "Kingsboroughs") individual claims against Defendants because such claims do not "arise under", "arise in", or "relate to" Title 11. While the Kingsboroughs' individual claims should be remanded, the entirety of the First Amended Complaint should also be remanded under 28 U.S.C. § 1452(b) on equitable grounds. Finally, even assuming Plaintiffs can demonstrate that jurisdiction is appropriate for any portion of their First Amended Complaint, the Court "must" and otherwise "should", in the alternative to remand, abstain from hearing the First Amended Complaint under 28 U.S.C. §§ 1334(c)(1) and (c)(2) as required and in the interests of justice and comity.

The Motion is based upon the Notice of Hearing, this Motion and the Memorandum of Points and Authorities, and the Request for Judicial Notice, filed concurrently herewith, all pleadings and papers on file in this action, and upon such other matters as may be presented to the Court at the time of the hearing.

DATED: June 18, 2025     DOWNEY BRAND LLP

By:    /s/ Sean J. Filippini
SEAN J. FILIPPINI
Attorneys for ANVIL POWER, INC., ANVIL EQUIPMENT COMPANY LP, ANVIL BUILDERS, ANVIL HOLDINGS, INC., ANVIL GROUP, LLC, ALAN GUY, and RICHARD J. LEIDER

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendants Anvil Power, Inc., Anvil Equipment Company LP ("Anvil Equipment"), Anvil Builders, Anvil Holdings, Inc. ("Anvil Holdings"), Anvil Group, LLC ("Anvil Group"), Alan Guy, and Richard J. Leider (collectively, "Defendants") hereby move to remand the First Amended Complaint in its entirety or, in the alternative, to abstain from hearing the First Amended Complaint.

Pursuant to Federal Rules of Bankruptcy Procedure, Rules 9027, and the United States Bankruptcy Court of the Northern District of California, Local Rules 7012-1 and 9027-1, Defendants do not consent to entry of final order and/or judgment by the Bankruptcy Court.

## I. INTRODUCTION

Roughly four months after filing a pre-petition lawsuit in Sonoma County Superior Court (the "Action"), Plaintiffs Kingsborough Atlas Tree Surgery, Inc., Richard Kingsborough, and Cindy Kingsborough (collectively, "Plaintiffs") removed their Action pursuant to 28 U.S.C. § 1452. The Action consists solely of state law causes of action, and all defendants to this lawsuit are third-party non-debtors. Two of the Action's three plaintiffs are also third-party non-debtors: individuals Richard Kingsborough and Cindy Kingsborough (the "Kingsboroughs"). Only plaintiff Kingsborough Atlas Tree Surgery, Inc. ("KBA") is a debtor in the pending Chapter 11 bankruptcy case. As KBA admits in its Notice of Removal, the Action is a non-core proceeding.

The Action demands monetary damages and rescission of an asset purchase agreement. The Action is highly factually intense, and will require extensive supervision and involvement by any court managing it. It will also need to be tried to a jury, and Defendants will demand a jury trial, and, if necessary, seek to withdraw the reference. There is, further, a pending Cross-Complaint in the same proceeding as the Action that Plaintiffs did not remove. The Cross-Complaint involves only non-debtor plaintiffs and non-debtor defendants. It, too, raises a host of factually intense issues. The Cross-Complaint substantially overlaps with the FAC.

At a minimum, the Bankruptcy Court lacks jurisdiction under 28 U.S.C. § 1334(b) of the Kingsboroughs' individual claims that purely consist of state law claims and name only third-party, non-debtor Defendants. While these individual claims should be remanded, the entirety of

the Action should also be remanded under 28 U.S.C. § 1452(b) on equitable grounds because it only involves state law claims pleaded against third-party, non-debtor Defendants. Finally, should the Court find jurisdiction is present and not remand the entirety of the Action, the Court "must" and otherwise "should" alternatively abstain from hearing this Action under 28 U.S.C. §§ 1334(c)(1) and (c)(2) as required and in the interests of justice and comity.

## II. PROCEDURAL BACKGROUND

### A. KBA Files Chapter 11 Bankruptcy.

On February 20, 2025, KBA filed a petition for relief in this Court under Chapter 11 of the United State Bankruptcy Code, Case No. 25-10088 (the "Bankruptcy Case"), which is pending.

In the Bankruptcy Case, multiple creditors have filed claims, none of whom includes any of the parties to the Action, including the Kingsboroughs, Anvil Power, Anvil Equipment, Anvil Builders, Anvil Holdings, Anvil Group (collectively, "Anvil"), Alan Guy, and Richard Leider.

KBA filed a separate adversary proceeding involving the turnover of alleged property of the estate (Case No. 25-01005). That proceeding has litigated KBA's motion for temporary restraining order, preliminary injunction, and to compel the turnover of property labeled the "KBA Equipment". (*See, e.g.*, ECF No. 2.)

### B. The Initial Complaint.

Nearly a month prepetition, on January 29, 2025, Plaintiffs filed a Complaint against all Defendants, except Richard Leider, in Sonoma County Superior Court, entitled *Kingsborough Atlas Tree Surgery, Inc. v. Anvil Power, Inc.*, Case No. 25CV00751. (ECF No. 1 [Exhibit 1].)

The Complaint pleaded nine causes of action. All parties named in the Complaint are third parties to the Bankruptcy Case, except plaintiff debtor KBA. (ECF No. 1 [Exhibit 1].)

### C. The First Amended Complaint's Allegations.

On May 13, 2025, while the Bankruptcy was pending, Plaintiffs filed their First Amended Complaint ("FAC" or "Action" or "First Amended Complaint"). (ECF No. 1 [Exhibit 1].) The FAC asserted all the same nine causes of action and added a new cause of action for conspiracy to defraud and added Richard Leider as a defendant. (*Id*.) The FAC asserts claims for: (1) Breach of Contract; (2) Breach of the Implied Covenant of Good Faith and Fair Dealing; (3) Unfair

Competition (Bus. & Prof. Code, § 17200); (4) Conversion; (5) Fraud (Intentional Misrepresentation); (6) Negligent Misrepresentation; (7) Conspiracy to Defraud; (8) Accounting; (9) Declaratory Relief; and (10) Injunctive Relief. (*Id.*) As with the Complaint, all parties named in the First Amended Complaint are third parties to the Bankruptcy Case, except plaintiff debtor KBA. (*Id.*)

Plaintiffs allege that the Kingsboroughs founded KBA, which specialized in large scale forest and vegetation management projects. (ECF No. 1 [Exhibit 2, at ¶ 2].) Plaintiffs allege that Anvil Power and Anvil Equipment entered into an agreement with them, entitled "Asset Purchase Agreement" (the "Agreement") to purchase KBA's assets, including third-party contracts, in exchange for a cash payment and percentage of profits. (*Id.* [Exhibit 2, at ¶ 6, Exhibit A].) Plaintiffs allege that, separate from the Agreement, KBA entered into a Line of Credit and Security Agreement, pursuant to which Anvil Builders loaned $1,180,000 to KBA, securitized by KBA's "present and future tangible and intangible property". (*Id.* [Exhibit 2, at ¶¶ 9 & 10, Exhibit B].) Plaintiffs claim that Anvil Power and Anvil Equipment breached the Agreement by failing to pay for the equipment and taking possession of the equipment. (*Id.* [Exhibit 2, at ¶ 100].) In causes of action for violation of Business & Professions Code section 17200 and conversion, Plaintiffs claim that Anvil improperly used their assets, equipment, IP, and contracts without paying for them. (*Id.* [Exhibit 2, at ¶¶ 110 & 115].) Finally, Plaintiffs allege that Anvil Power, Anvil Equipment, and Alan Guy misrepresented that: (1) KBA's work force would be hired and paid (who were allegedly terminated); and (2) the purpose of the Line of Credit and Security Agreement on the basis Plaintiffs did not read and understand that this agreement required the filing of a UCC-1 against KBA. (*Id.* [Exhibit 2, at ¶¶ 121-123, 132-133].)

**D.   The Cross-Complaint.**

On May 9, 2025, Anvil Power and Anvil Equipment filed a Cross-Complaint naming as defendants the Kingsboroughs, Hailey Coudret, Jamie Eisenhauer, and Elizabeth Boyce. (Request for Judicial Notice ["RJN"], at ¶ 1, Ex. 1.) All parties named in the Cross-Complaint are third parties to the Bankruptcy Case. (*Id.*)

The Cross-Complaint alleges four causes of action for fraudulent inducement, conversion,

breach of fiduciary duty, and misappropriation of trade secrets. (RJN, at ¶ 1, Ex. 1.) Specifically, Anvil Power and Anvil Equipment allege that the Kingsboroughs intentionally failed to disclose that KBA was a poorly run business and heavily in debt, and made misrepresentations about KBA that induced execution of the Agreement. (*Id*., ¶¶ 23-31.) Anvil Power and Anvil Equipment also allege that the Kingsboroughs interfered with their right to possession of checks constituting payment by general contractors for subcontractor work performed. (*Id*., ¶¶ 32-37.) They also allege that the Kingsboroughs, Hailey Coudret, Jamie Eisenhauer, and Elizabeth Boyce owed Anvil Power and Anvil Equipment fiduciary duties as employees and breached them by stealing money and trade secrets from Anvil Power and Anvil Equipment, and knowingly acting against their interests. (*Id*., ¶¶ 38-42.) Finally, Anvil Power and Anvil Equipment allege that the Kingsboroughs, Hailey Coudret, Jamie Eisenhauer, and Elizabeth Boyce misappropriated their client list that identifies those contractors and other private and public entities with which they perform business. (*Id*., ¶¶ 43-48.)

The Cross-Complaint shares substantial overlap with the FAC, which involves performance under the Agreement, tortious conduct by KBA's personnel, and seeks rescission of the very Agreement that is the central focus of the FAC.[1]

### E. Plaintiffs Remove the First Amended Complaint to this Court.

On May 21, 2025, after filing the First Amended Complaint, Plaintiffs filed a Notice of Removal (the "Notice") of the First Amended Complaint pursuant to 28 U.S.C. § 1452. (ECF No. 1.) The Notice only removed Plaintiffs' causes of action alleged in the First Amended Complaint. (ECF No. 1, at ¶ 4 [alleging "[t]he Action arises from Defendants' breaches of an Asset Purchase Agreement entered into by and between Plaintiff and Defendants on June 5, 2023."].) No mention is made in the Notice of the Cross-Complaint, notwithstanding that the Cross-Complaint was filed nearly two weeks before the Notice was filed. (*Id*.) Only the Complaint and First Amended

---

[1] Should this Motion not be granted, Defendants may and reserve their right to file a motion for abstention under the *Colorado River* doctrine, on the basis that there is a concurrent state matter pending that concerns substantially comparable issues to the Action. *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800 (1976).

1 Complaint were attached as exhibits to the Notice. (*Id.*)

2 The Cross-Complaint was therefore not removed to this Court. *In re Princess Louise Corp.*, 77 B.R. 766, 771 (Bankr. C.D. Cal. 1987) ["The Court holds that the scope of what is removed from state court to the bankruptcy court is determined by the removal petition." If "the removal petition indicates that only specified claims or causes of action have been removed, the state court may proceed with what has not been removed."].

The Notice removed the FAC pursuant to 28 U.S.C. §§ 1334(b), 1452(a), and Federal Rules of Bankruptcy Procedure, Rule 9027. (ECF No. 1, at ¶¶ 11 & 12.) In the Notice, Plaintiffs concede that the Action is "a non-core proceeding within the meaning of 28 USC §§157 and 1334." (*Id.*, at ¶ 9.)

### III. LEGAL STANDARD

Federal removal jurisdiction statutes are to be strictly construed and all doubts about the right to removal are to be resolved in favor of remand. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988). This presumption against removal jurisdiction means that the defendant always has the burden of establishing the grounds for federal jurisdiction in the case. *Nishimoto v. Federman-Bachrach & Associates*, 903 F.2d 709, 712 (9th Cir. 1990); *In re Int'l Mfg. Grp., Inc.*, 574 B.R. 717, 719 (Bankr. E.D. Cal. 2017).

When a civil action is removed, the "court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b). "Recognized equitable grounds include fairness, judicial economy, forum non conveniens, prompt and final resolution of disputes, and respect for state courts on questions of state law." *In re Franklin*, 179 B.R. 913, 927 (Bankr. E.D. Cal. 1995). "This 'any equitable ground' remand standard is an unusually broad grant of authority. It subsumes and reaches beyond all of the reasons for remand under nonbankruptcy removal statutes." *In re McCarthy*, 230 B.R. 414, 417 (B.A.P. 9th Cir. 1999). "At bottom, the question is committed to the sound discretion of the bankruptcy judge." *Id*.

/ / /

MOTION TO REMAND OR IN THE ALTERNATIVE, TO ABSTAIN

10

# IV. LEGAL ANALYSIS

The Court lacks jurisdiction under 28 U.S.C. § 1334(b) over the Kingsboroughs' individual claims against Defendants because such claims do not "arise under", "arise in", or "relate to" Title 11. The Kingsboroughs' individual claims consist purely of state law and are solely against third-party, non-debtor Defendants. While the Kingsboroughs' individual claims should be remanded, the entirety of the Action should also be remanded under 28 U.S.C. § 1452(b). All Plaintiffs' causes of action are grounded in state law and are against non-debtors. Finally, should the Court find that jurisdiction is proper for any portion of the Action, the Court "must" and otherwise "should", in the alternative to remand, abstain from hearing this proceeding under 28 U.S.C. § 1334(c)(1) and (c)(2) as required and in the interests of justice and comity.

## A. The Court Does Lacks Jurisdiction Over the Kingsborough's Individual Claims.

Plaintiffs claim that removal of the entire Action is appropriate under 28 U.S.C. § 1334(b). Bankruptcy courts have jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b); *see also* 28 U.S.C. § 157(a). The "distinction between 'arising under,' 'arising in,' and 'related to' Title 11 has significance as a jurisdictional consideration." *In re Harris Pine Mills*, 44 F.3d 1431, 1435 (9th Cir. 1995).

Here, plaintiffs Richard Kingsborough and Cindy Kingsborough's claims against third-party, non-debtor Defendants do not "arise under", "arise in," or "relate to" Title 11. While jurisdiction is non-existent under 28 U.S.C. § 1334(b) for the entirety of the Action (as later explained), at minimum, the Kingsboroughs' individual claims must be remanded.

### 1. The Kingsboroughs' Claims Do Not "Arise Under" or "Arise In" Title 11.

Proceedings "arise under" title 11 if they "involve a cause of action created or determined by a statutory provision of title 11." *In re Harris Pine Mills*, 44 F.3d at 1435 [citing *In re Wood*, 825 F.2d 90, 96–97 (5th Cir. 1987)]; *see also In re Gen. Carriers Corp.*, 258 B.R. 181, 189 (B.A.P. 9th Cir. 2001). Proceedings that "arise in" a case under title 11 refer to "administrative matters that arise only in bankruptcy cases." *Id.* In other words, "arising in" proceedings "are those that are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy." *Id.*

The Kingsboroughs' individual claims against third-party, non-debtor Defendants consist purely of claims under state law. Title 11 did not create state law claims for breach of contract, breach of the implied covenant of good faith and fair dealing, unfair competition, conversion, intentional misrepresentation, negligent misrepresentation, conspiracy to defraud, accounting, declaratory relief, or injunctive relief. In addition, these (questionable) claims exist independent of bankruptcy. Because the Kingsboroughs' individual claims do not invoke a substantive right created by the Bankruptcy Code, the claims do not "arise under" Title 11. *Id*. Similarly, because the Kingsboroughs' individual claims against third-party, non-debtor Defendants could exist outside of the instant Bankruptcy Case, they do not "arise in" a case under Title 11. *Id.* Third-party, non-debtor Defendants comprise Anvil, Alan Guy, and Richard Leider. Indeed, courts have found that state law claims against a non-debtor in his, her, or its individual capacity do not "arise under" Title 11 and do not "arise in" a case under Title 11. *See In re ACI-HDT Supply Co.*, 205 B.R. 231, 236 (B.A.P. 9th Cir. 1997) [citing *In re Cinematronics*, 916 F.2d 1444 (9th Cir. 1990)].

Accordingly, any jurisdiction that this Court may have over the Kingsboroughs' individual claims must be of the "related to" variety.

**2.      The Kingsboroughs' Individual Claims Do Not Relate to a Case Under Title 11.**

The Ninth Circuit has expressly adopted the so-called *Pacor* test for determining whether a bankruptcy court has jurisdiction over proceedings "related to" a bankruptcy case. *In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988); *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984). Under the *Pacor* test, "a civil proceeding is 'related to' the bankruptcy if its outcome could conceivably have any effect on the bankruptcy estate." *In re ACI-HDT Supply Co.*, *supra*, 205 B.R. at 237 [internal citations omitted]. In applying the *Pacor* test, courts consider whether the "outcome [of the non-bankruptcy proceeding] could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankruptcy estate." *Id.*; see also *Cardinalli v. Superior Court for Cnty. of Monterey*, No. 5:12-CV-06356-LHK, 2013 WL 5961098, at *3 (N.D. Cal. Nov. 7, 2013). However, "the mere fact that there may be common issues of fact between a civil proceeding and a controversy involving the bankruptcy estate does not" establish "related to" jurisdiction. *Pacor*,

*supra*, 743 F.2d at 994. Indeed, the United States Supreme Court has recognized "that a bankruptcy court's 'related to' jurisdiction cannot be limitless." *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 (1995).

Here, the Kingsboroughs' individual state law claims against Defendants could not have any conceivable effect on the debtor's estate. The Kingsboroughs are third parties and non-debtors. Defendants, too, are third parties and non-debtors. The outcome of the Kingsboroughs' non-bankruptcy claims accordingly cannot alter the debtor's rights, liabilities, options, or freedom of action. *Pacor*, *supra*, 743 F.2d at 994.

For example, in *In re ACI-HDT Supply Co.*, the plaintiffs alleged "a variety of state law causes of action," including fraud and deceit, in a lawsuit filed in state court. *In re ACI-HDT Supply Co.*, 205 B.R. at 233. One of the defendants in that state court action removed it to federal bankruptcy court under 28 U.S.C. § 1452. *Id.*, at 233. The state court action did not involve any debtors to the bankruptcy proceedings as a party, either plaintiff or defendant. *Id.*, at 232. The district court denied the plaintiffs' motion for remand. *Id.*, at 234. The Ninth Circuit <u>reversed</u>. *Id.*, at 238. An issue on appeal was whether the state law causes of action against the non-debtor third party defendants were within the bankruptcy court's "related to" jurisdiction. *Id.*, at 234. The court began its analysis by noting that the "causes of action are based solely on state law." *Id.* at 235. The court explained that because the state law causes of action sought damages "against the defendants for their conduct" and the debtor was not a party to that form of the action, the debtor "would not be bound by the outcome." *Id.*, at 238. Therefore, the court concluded "that there is no 'related to' jurisdiction," and consequently, "the bankruptcy court lack[ed] subject matter jurisdiction over the [] state law claims against the non-debtor defendants." *Id.*

There is ample authority found in other well-reasoned bankruptcy court opinions analogous to the case at hand. In *In re Golden Inv. Acquisitions*, a third-party plaintiff asserted various state law fraud claims in a third-party complaint against third-party defendants. *In re Golden Inv. Acquisitions, LLC*, 508 B.R. 381, 383-84 (Bankr. N.D. W. Va. 2014). The third-party defendants moved to dismiss the claims based on lack of subject matter jurisdiction. *Id.*, at 384. After applying the same tests as the Ninth Circuit, the bankruptcy court concluded that the third-

party plaintiff's claims would have no effect on the estate of the debtor. *Id.*, at 385. Like the Kingsboroughs, the third-party plaintiff "allege[d] damages solely to his individual pecuniary and business interests." *Id.* The prayer for relief demonstrated that the claims would "not provide any recovery or benefit to the [e]state." *Id.* The same reasoning applies here. The Kingsboroughs' state law claims would have no effect on the estate. "[W]in, lose or draw, there would be no effect on the bankruptcy estate." *Id.* Indeed, KBA has filed a separate adversary proceeding (Case No. 25-01005) seeking the return of so-called "KBA Equipment."

B.   **The Action Should Be Remanded to State Court Pursuant to 28 U.S.C. 1452(b).**

While the Kingsboroughs' individual claims should be remanded for lack of jurisdiction, the entirety of the Action should also be remanded under 28 U.S.C. § 1452(b). Section 1452(b) provides that the Court may remand a removed "claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b). As discussed above, the only basis for jurisdiction set forth in Plaintiffs' Notice of Removal is 28 U.S.C. § 1334(b), which provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." Accordingly, "[f]ederal subject-matter jurisdiction over the counts is merely concurrent with state courts and is not exclusive." *McCarthy*, 230 B.R. at 418.

Here, all causes of action alleged in the First Amended Complaint are grounded upon state law against third-party non-debtors and do not commonly arise in bankruptcy. As the Ninth Circuit Bankruptcy Appellate Panel has explained, "to the extent [the claims] are asserted against a non-debtor party [ ], jurisdiction is more attenuated." *McCarthy*, *supra*, 230 B.R. at 418. This is the scenario here. Plaintiffs allege state law claims against Defendants, and only KBA is a debtor.

Based on the Notice of Removal, Defendants anticipate that Plaintiffs will argue this Court has jurisdiction and must not remand on the basis the Action centers around the Agreement that KBA entered into, and the Action will purportedly lead to the recovery of money damages for the estate. (ECF No. 1 [at ¶¶ 4 & 9].) It is not so simple. KBA has filed a separate adversary proceeding (Case No. 25-01005) seeking the return of so-called "KBA Equipment." The First Amended Complaint, by contrast, is complex, comprising 56 pages and 10 causes of action. The Action seeks to prevent Defendants' recovery of monetary damages otherwise purportedly due. In

addition, the Action's claims are independent claims that "include traditional actions at common law that are to be determined according to state law, and that would have been instituted in state court even if" there was no bankruptcy case. *See In re Marathon Home Loans*, 96 B.R. 296, 300 (E.D. Cal. 1989). The matter should therefore be remanded to state court upon the equitable grounds present here. *See Franklin*, 179 B.R. at 927.

### C. In the Alternative, the Court Must Abstain from Hearing the Removed Matter.

The decision whether to abstain is not necessary because the "act of abstaining presumes that proper jurisdiction otherwise exists." *In re Gen. Carriers Corp.*, 258 B.R. 181, 190 (B.A.P. 9th Cir. 2001). However, even assuming Plaintiffs can demonstrate that jurisdiction is appropriate for their First Amended Complaint, the Court "must" and otherwise "should"—in the alternative to granting this Motion and remanding the Action—abstain from hearing this proceeding under 28 U.S.C. § 1334(c)(1) and (c)(2). *See Franklin*, 179 B.R. at 928 ["Abstention affords an independent basis for returning the action to state court."].

The Court "must" abstain from hearing the Action under 28 U.S.C. § 1334(c)(2). In the event mandatory abstention is not required, the Court "should" still exercise its discretion to not hear the Action under 28 U.S.C. § 1334(c)(1).

Abstention is appropriate under 28 U.S.C. §§ 1334(c)(1) and (c)(2).

#### 1. Abstention Is Mandatory Under 28 U.S.C. § 1334(c)(2).

Section 1334(c)(2) provides: "Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a cause under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction." (28 U.S.C. § 1334(c)(2).)

The following elements are required for mandatory abstention under Section 1334(c)(2): (1) the abstention motion is timely; (2) the proceeding involves a purely state law question; (3) the proceeding is noncore and merely "related to" the bankruptcy case; (4) no independent federal jurisdiction exists for the proceeding absent filing of the bankruptcy petition; (5) an action was

1 commenced in state court; (6) the proceeding can be timely adjudicated in state court; and (7)
jurisdiction is appropriate in state court. *In re Lazar*, 200 B.R. 358, 370 (Bankr. C.D. Cal. 1996).

Each of these elements is satisfied to require abstention.

<u>First</u>, the Motion is timely because there is no deadline to file this Motion, and, regardless, the Motion was promptly filed following removal.

<u>Second</u>, as explained above, the Action only concerns causes of action based in California statute and common law. There are no federal issues involved in the Action.

<u>Third</u>, the Action is noncore, as Plaintiffs concede in the Notice of Removal, stating: "The Action is therefore a non-core proceeding within the meaning of 28 USC §§ 157 and 1334." (ECF No. 1, at ¶ 9.)

<u>Fourth</u>, no independent federal jurisdiction exists for the Action absent filing of the Bankruptcy Case. No federal question is asserted and there is no diversity.

<u>Fifth</u>, an action was commenced in state court in the matter entitled *Kingsborough Atlas Tree Surgery, Inc. v. Anvil Power, Inc.*, Case No. 25CV00751; the Action as removed from Sonoma County Superior Court. The mandatory abstention doctrine applies to cases removed from state court. *Williams v. Shell Oil Co.*, 169 B.R. 684, 690 (S.D. Cal. 1994).

<u>Sixth</u>, the Action can be timely adjudicated in state court. And, in any event, debtor KBA's statements about its proposed plan suggest that it does not anticipate that the Action will be resolved prior to efforts to confirm a plan. (*See, e.g.*, ECF No. 143 ["Since the last hearing, the Complaint brought by the Debtor in the State Court against Anvil Builders for breach of contract, as well as other claims, has been removed to this court. [¶] Debtor will file its plan not later than 120 days from the petition date that will propose to continue the sale of its equipment and to continue with the litigation against Anvil Builders."].)

<u>Seventh</u>, jurisdiction is appropriate in Sonoma County Superior Court; all causes of action are based in California statute and common law, and the debtor KBA filed the Action in that court.

The Court must therefore abstain from hearing the Action under 28 U.S.C. § 1334(c)(2).

**2.      The Court Should Otherwise Abstain Under 28 U.S.C. § 1334(c)(1).**

Should the Court find that abstention is not required under Section 1334(c)(2), it should

Case: 25-01008    Doc# 12    Filed: 06/18/25    Entered: 06/18/25 15:20:42    Page 16 of 19

MOTION TO REMAND OR IN THE ALTERNATIVE, TO ABSTAIN

16

still exercise its discretion to abstain from hearing the Action under Section 1334(c)(1). A "district court in the interest of justice, or in the interest of comity with State courts or respect for State law, [may abstain] from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11. 28 U.S.C. § 1334(c)(1).

Courts balance twelve factors when contemplating discretionary abstention, which are:

1. The effect or lack thereof on the efficient administration of the estate if a Court recommends abstention.

2. The extent to which state law issues predominate over bankruptcy issues.

3. The difficulty or unsettled nature of the applicable law.

4. The presence of a related proceeding commenced in state court or other nonbankruptcy court.

5. The jurisdictional basis, if any, other than 28 U.S.C. § 1334.

6. The degree of relatedness or remoteness of the proceeding to the main bankruptcy case.

7. The substance rather than the form of an asserted "core" proceeding.

8. The feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court.

9. The burden of [the bankruptcy court's] docket.

10. The likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties.

11. The existence of a right to a jury trial.

12. The presence in the proceeding of nondebtor parties.

*In re Eastport Assocs.*, 935 F.2d 1071, 1075-76 (9th Cir. 1991).

Here, the factors weigh in favor of abstention:

First, if the Court abstains, there will be no effect on the efficient administration of KBA's bankruptcy estate. Again, KBA has filed a separate adversary proceeding (Case No. 25-01005) seeking the return of so-called "KBA Equipment." The First Amended Complaint, by contrast, seeks damages against non-debtors and therefore does not touch the assets of the bankruptcy

estate.  Further, two of the three plaintiffs are not even debtors in the bankruptcy; the majority of plaintiffs are therefore not even suing for any relief that could remotely be construed as involving the bankruptcy estate.

Second, state law issues predominate in the First Amended Complaint.  In fact, all of the causes of action in the First Amended Complaint are common law or state statutory actions that must be decided under California law.

Third, the applicable law in the case is neither difficult nor unsettled.  In addition, the First Amended Complaint raises no question of bankruptcy law to be settled by a state court.

Fourth, there are related proceedings in state court (or nonbankruptcy court).  Specifically, on May 9, 2025, Anvil Power and Anvil Equipment filed a Cross-Complaint against the Kingsboroughs, Hailey Coudret, Jamie Eisenhauer, and Elizabeth Boyce.  As explained above, the Notice of Removal did not remove this separately filed Cross-Complaint.  As also explained above, the Cross-Complaint substantially overlaps with issues raised in the Action, including with respect to rescission of the Agreement and KBA's performance under it.  Defendants reserve their right to request abstention under the *Colorado River* doctrine.  (*See* footnote 1, *supra*.)

Fifth, there is no basis for jurisdiction for federal jurisdiction other than 28 U.S.C. § 1334.  All causes of action in the First Amended Complaint are state claims, and there is no diversity.

Sixth, the Action involves legal issues that are wholly distinct from the pending bankruptcy.  The Action involves third party, non-debtor Defendants, and two of the three plaintiffs are also third party, non-debtors.

Seventh, the substance of this proceeding is a state law civil action based on state claims.

Eighth, it is not necessary to sever state law and bankruptcy issues in this matter, because the case is against non-debtors, and there are no bankruptcy matters involved in the matter to "sever."

Ninth, the bankruptcy court's docket would certainly be better served by abstaining from handling a civil action involving state law claims pursued by two non-debtors against non-debtors.  The Action is highly factually laden and will likely require extensive motion practice.  Already in state court, discovery issues have arisen, and Defendants anticipate multiple rounds of motions to

dismiss the complaint, in addition to dispositive motions and a length jury trial.

Tenth, Plaintiffs' removal of the Action from the state court certainly constitutes forum shopping because the Action could just as easily be tried in state court.

Eleventh, there is a jury trial right on Plaintiffs' state law causes of action, which predominantly center around breach of contract and fraud claims. Defendants intend to demand a jury trial of the Action and will seek to withdraw the reference.

Twelfth, only KBA is a debtor party; all Defendants are non-debtors, and the plaintiff Kingsboroughs are non-debtors.

In sum, an evaluation of the twelve abstention factors weighs in support of abstention.

## V. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant the Motion and remand the entirety of the Action including, at minimum, the Kingsboroughs' individual causes of action. In the alternative, the Court "must" and otherwise "should" abstain from hearing the removed Action.

DATED: June 18, 2025               DOWNEY BRAND LLP

                                   By:  /s/ Sean J. Filippini
                                        SEAN J. FILIPPINI
                                   Attorneys for ANVIL POWER, INC., ANVIL
                                   EQUIPMENT COMPANY LP, ANVIL
                                   BUILDERS, ANVIL HOLDINGS, INC., ANVIL
                                   GROUP, LLC, ALAN GUY, and RICHARD J.
                                   LEIDER