DOWNEY BRAND LLP
JAMIE P. DREHER (Bar No. 209380)
jdreher@downeybrand.com
SEAN J. FILIPPINI (Bar No. 232380)
sfilippini@downeybrand.com
CHRISTOPHER M. KOLKEY (Bar No. 300206)
ckolkey@downeybrand.com
621 Capitol Mall, 18th Floor
Sacramento, California 95814
Telephone:    916.444.1000
Facsimile:    916.444.2100

Attorneys for ANVIL POWER, INC., ANVIL EQUIPMENT COMPANY LP, ANVIL BUILDERS, ANVIL HOLDINGS, INC., ANVIL GROUP, LLC, ALAN GUY, and RICHARD J. LEIDER

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>KINGSBOROUGH ATLAS TREE SURGERY, INC.,<br><br>Debtor. | Case No. 25-10088 WJL<br><br>Chapter 11<br><br>AP No. 25-01008 |
| KINGSBOROUGH ATLAS TREE SURGERY, INC., A California corporation, RICHARD KINGSBOROUGH, an individual, and CINDY KINGSBOROUGH, an individual,<br><br>        Plaintiffs,<br><br>    v.<br><br>ANVIL POWER, INC., a California corporation, ANVIL EQUIPMENT COMPANY LP, a California limited partnership, ANVIL BUILDERS, a California corporation, ANVIL HOLDINGS, INC., a California corporation, ANVIL GROUP, LLC, a California limited liability company; ALAN GUY, an individual; RICHARD J. LEIDER, an individual, and DOES 1-100,<br><br>        Defendants. | **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS ANVIL POWER, INC., ANVIL EQUIPMENT COMPANY LP, ANVIL BUILDERS, ANVIL HOLDINGS, INC., ANVIL GROUP, LLC, ALAN GUY, AND RICHARD J. LEIDER MOTION TO REMAND THE FIRST AMENDED COMPLAINT, OR, IN THE ALTERNATIVE, TO ABSTAIN FROM HEARING THE FIRST AMENDED COMPLAINT**<br><br>Date: July 23, 2025<br>Time: 10:30 am<br>Dept.: 220<br>Judge: Hon. William J. Lafferty |

| | |
|---|---|
| 1 | Defendants Anvil Power, Inc. ("Anvil Power"), Anvil Equipment Company LP ("Anvil |
| 2 | Equipment"), Anvil Builders, Anvil Holdings, Inc., Anvil Group, LLC, Alan Guy, and Richard J. |
| 3 | Leider (collectively, "Defendants") hereby request that the Court take judicial notice of the |
| 4 | following pursuant to Federal Rules of Evidence, Rule 201: |
| 5 | 1. Cross-Complaint filed by cross-complainants Anvil Power and Anvil Equipment |
| 6 | Company against cross-defendants Richard Kingsborough, Cindy Kingsborough, Hailey Coudret, |
| 7 | Jamie Eisenhauer, Elizabeth Boyce, and Does 1-100 on May 9, 2025, in the Superior Court of |
| 8 | California, County of Sonoma, Case No, 25CV00751, a true and correct copy of which is attached |
| 9 | hereto as **Exhibit 1.** |

## BASIS FOR JUDICIAL NOTICE

"The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

Exhibit 1 is properly subject to judicial notice because the Court may take judicial notice of a court's files. *See ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 756, fn. 1 (9th Cir.) [taking judicial notice of California state court proceedings]; *Asdar Group v. Pillsbury, Madison & Sutro*, 99 F.3d 289, 290, fn. 1 (9th Cir. 1996). Courts may also take judicial notice of "matters of public record." *Wilbur v. Locke*, 423 F.3d 1101, 1113 (9th Cir. 2005*), abrogated on other grounds by Levin v. Commerce Energy, Inc.*, 560 U.S. 413 (2010).

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

For the reasons set forth above, Defendants respectfully request that this Court take judicial notice of the documents listed above in connection with their Motion to Remand the First Amended Complaint ("FAC") and, in the Alternative, Abstain from Hearing the FAC.

DATED: June 18, 2025         DOWNEY BRAND LLP

By: /s/ Sean J. Filippini
SEAN J. FILIPPINI
Attorneys for ANVIL POWER, INC., ANVIL EQUIPMENT COMPANY LP, ANVIL BUILDERS, ANVIL HOLDINGS, INC., ANVIL GROUP, LLC, ALAN GUY, and RICHARD J. LEIDER

REQUEST FOR JUDICIAL NOTICE

# Exhibit 1

```
 1  DOWNEY BRAND LLP
    SEAN J. FILIPPINI (Bar No. 232380)
 2  sfilippini@downeybrand.com
    CHRISTOPHER M. KOLKEY (Bar No 300206)
 3  ckolkey@downeybrand.com
    621 Capitol Mall, 18th Floor
 4  Sacramento, California 95814
    Telephone:    916.444.1000
 5  Facsimile:    916.444.2100

 6  Attorneys for Defendants and Cross-
    Complainants ANVIL POWER, INC. and
 7  ANVIL EQUIPMENT COMPANY LP, and
    Defendants ANVIL BUILDERS INC., ANVIL
 8  HOLDINGS, INC., ANVIL GROUP, LLC, and
    ALAN GUY
 9

10

11
                  SUPERIOR COURT OF THE STATE OF CALIFORNIA
12
                              COUNTY OF SONOMA
13

14
    KINGSBOROUGH ATLAS TREE              Case No. 25CV00751
15  SURGERY, INC., a California corporation,
    RICHARD KINGSBOROUGH, an individual   DEFENDANTS AND CROSS-
16  and CINDY KINGSBOROUGH, an            COMPLAINANTS ANVIL POWER, INC.
    individual,                           AND ANVIL EQUIPMENT COMPANY
17                                        LP'S CROSS-COMPLAINT
                Plaintiffs,
18
         v.
19
    ANVIL POWER, INC., a California
20  corporation, ANVIL EQUIPMENT
    COMPANY LP, a California limited
21  partnership, ANVIL BUILDERS, a California
    corporation, ANVIL HOLDINGS, INC., a
22  California corporation, ANVIL GROUP, LLC,
    a California limited liability company, ALAN
23  GUY, an individual, and DOES 1-100,

24              Defendants.

25
    ANVIL POWER, INC., a California
26  corporation, and ANVIL EQUIPMENT
    COMPANY LP, a California limited
27  partnership,

28              Cross-Complainants,
```

|   |
|---|
| v. |
| RICHARD KINGSBOROUGH, an individual. CINDY KINGSBOROUGH, an individual, HAILEY COUDRET, an individual, JAMIE EISENHAUER, an individual, ELIZABETH BOYCE, an individual, and DOES 1-100. |
| Cross-Defendants. |

Cross-Complainants ANVIL POWER, INC. ("Anvil Power") and ANVIL EQUIPMENT COMPANY LP ("Anvil Equipment"; collectively, "Anvil" or "Cross-Complainants") hereby allege against Cross-Defendants RICHARD KINGSBOROUGH ("Richard"), CINDY KINGSBOROUGH ("Cindy"), HAILEY COUDRET ("Coudret"), JAMIE EISENHAUER ("Eisenhauer"), ELIZABETH BOYCE ("Boyce"), and DOES 1-100, as follows:

**THE PARTIES**

1. Cross-Complainant Anvil Power is, and at all times mentioned herein was, a corporation organized and existing under the laws of California.

2. Cross-Complainant Anvil Equipment is, and at all times mentioned herein was, a corporation organized and existing under the laws of California.

3. Cross-Defendant Richard Kingsborough is, and at all times mentioned herein was, an individual residing in Sonoma County, California.

4. Cross-Defendant Cindy Kingsborough is, and at all times mentioned herein was, an individual residing in Sonoma County, California.

5. Cross-Defendant is informed and believes, and thereon alleges, that Hailey Coudret is, and at all times mentioned herein was, an individual residing in Sonoma County, California.

6. Cross-Defendant is informed and believes, and thereon alleges, that Jamie Eisenhauer is, and at all times mentioned herein was, an individual residing in Sonoma County, California.

7. Cross-Defendant is informed and believes, and thereon alleges, that Cross-Defendant Elizabeth Boyce is, and at all times mentioned herein was, an individual residing in

2

CROSS-COMPLAINT

Sonoma County, California.

8. Cross-Complainants are ignorant of the true names of cross-defendants Does 1 through 100, inclusive ("Doe Defendants"), and have therefore sued them by the foregoing names, which are fictitious. Cross-Complainants are informed and believes, and based thereon alleges, in accordance with Code of Civil Procedure section 474, that each of Cross-Defendants and the Doe Defendants (referred to herein as "Cross-Defendants") are legally responsible in some manner for the occurrences herein alleged and legally and proximately caused damages to Cross-Complainants as hereafter alleged. When their true names are discovered, Cross-Complainant will amend this Cross-Complaint to insert their true names in lieu of the fictitious names. Each reference in this Cross-Complaint to "Cross-Defendants" or a specifically-named defendant refers also to all cross-defendants sued under such fictitious names.

9. Cross-Complainants are informed and believe and thereon allege that at all times relevant herein each of the Cross-Defendants, including the Doe Defendants, was and is the agent, employee and partner of each of the remaining Cross-Defendants, and was, in performing the acts complained of herein, acting within the scope of such agency, employment or partnership authority.

**GENERAL ALLEGATIONS**

10. Kingsborough Atlas Tree Surgery, Inc. ("KBA")[1] has been engaged in the business of residential, commercial, and governmental tree services. Richard and Cindy are the co-owners of KBA; Richard is its Chief Executive Officer, and Cindy is its Secretary and Chief Financial Officer.

11. KBA, Richard, and Cindy entered into an "Asset Purchase Agreement" with Anvil, dated June 5, 2023 (the "APA"). Under the APA, Anvil acquired assets that KBA owned, as well as KBA's trademarks and goodwill. Anvil also obtained the assignment of various agreements with third parties that KBA was performing at the time of the APA, including, *inter alia*, with

---

[1] KBA is not named as a defendant in this lawsuit because it has declared bankruptcy, and this initiation of bankruptcy proceedings has precluded KBA from being sued. (11 U.S.C. § 362.)

Pacific Gas & Electric Co.

12. Prior to the APA, Richard, Cindy, Coudret, Eisenhauer, and Boyce were officers and/or employees of KBA. After the APA was executed, Anvil became the employer of KBA's employees, which accordingly included, *inter alia*, Richard, Cindy, Coudret, Eisenhauer, and Boyce.

13. In conjunction with other related agreements, Anvil was provided with collateral and security for a significant investment that Anvil made in KBA's assets, as follows:

    a. KBA and Anvil Builders Inc. ("Anvil Builders") entered into a separate "Line of Credit and Security Agreement" dated June 5, 2023 (the "Security Agreement"), together with a "Subordinated Secured Promissory Note" ("Promissory Note"). Under the Security Agreement and Promissory Note, KBA pledged all its equipment as collateral for advances that Anvil Builders made in conjunction with the APA.

    b. Richard and Cindy entered into a separate "Nonrecourse Guaranty" dated June 5, 2023 (the "Guaranty"), in which Richard and Cindy guaranteed payment of the Promissory Note, pursuant to which they collateralized this obligation with deeds of trust.

14. KBA breached its relevant agreements with Anvil in numerous respects, including but not limited to, breaching warranties and representations, some of which are alleged below in this Complaint. This culminated in letters dated February 5, 2025 from Anvil declaring KBA in default and as owing a sum of at least $4,619,490.28.

**Cindy and Richard Kingsborough's Fraudulent Inducement**

15. Cindy and Richard failed to disclose to Anvil that KBA was a poorly run business deeply indebted and on the brink of bankruptcy at the time of the APA. KBA's accounting was riddled with mistakes and lacked basic detail, such that KBA could not even determine whether specific projects were profitable. In June 2023, KBA's cash flow problems were so severe that it was not able to meet its payroll without immediate help.

16. In KBA's desperation, Cindy and Richard misrepresented a litany of material facts

4
CROSS-COMPLAINT

to Anvil in efforts to fraudulently induce Anvil into executing the APA. Cindy and Richard misrepresented facts including, but not limited to:

- That the equity value of KBA's equipment was worth close to $8 Million. In reality, the equipment was so burdened with debt and so poorly maintained that its true equity value was substantially less.

- That litigation was not pending or threatened against KBA, and that KBA was not in default of any agreement. In reality, prior to the APA's execution, numerous creditors had claimed default and breach by KBA due to non-payment. Indeed, a $3 Million lawsuit for past-due payments was filed against KBA within days of the APA's execution. That lawsuit ultimately led to a judgment against KBA in the amount of $3 Million.

17. Further, the APA contemplated ten different contracts that were existent at the time the APA was executed. Given KBA's poor management, poor project cost estimating, and poor accounting, those projects operated at a substantial combined net loss. The projects had in fact been so poorly run that they could not be salvaged, even after the APA. Those ten contracts caused Anvil to suffer approximately $17.2 Million in combined net losses.

**Cindy and Richard Kingsborough's Misappropriation of Money**

18. Presumably due to their financial straits, Cindy and Richard resorted to the misappropriation of substantial sums of money from Anvil, in excess of hundreds of thousands of dollars. Specifically, Cindy and Richard deposited numerous Anvil checks into KBA's bank account, of which both Cindy and Richard had exclusive control. These checks were payment by general contractors to Anvil for subcontract work that Anvil had performed.

19. When Cindy and Richard were confronted on January 6, 2025 about their misappropriation over a video conference call, Cindy acknowledged that she deposited checks that belonged to Anvil into KBA's bank account without any authorization from Anvil.

**Misappropriation of Trade Secrets**

20. Cross-Defendants embarked on a campaign to misappropriate Anvil's trade secrets, including its client list.

21. On January 8, 2025, Boyce emailed Anvil's client list to Coudret at Coudret's internal Anvil work address (hailey@atlas-tree.com). Approximately 20 minutes later, Coudret emailed the Anvil client list from her internal Anvil work email address to her external personal

5

CROSS-COMPLAINT

email address (haileynoeleisenhauer2@gmail.com). Shortly thereafter, Coudret attempted to destroy the evidence of her theft by unsuccessfully attempting to delete the sent email from her Anvil email outbox. On information and belief, Cindy, Richard, and Eisenhauer (Coudret's mother) knew about, consented to, and actively participated in this misappropriation of trade secrets.

**Termination of Cindy and Richard Kingsborough**

22. After learning about their misappropriation, Anvil terminated Cindy and Richard's employment and eliminated the division of the company that Richard operated. Cindy and Richard's misappropriation was not the sole cause for their termination; rather it was the "last straw." The KBA contracts that were assigned to Anvil pursuant to the APA were unprofitable and so poorly run (prior to the assignment) that they could not be salvaged as profitable contracts.

**FIRST CAUSE OF ACTION**

**(Fraudulent Inducement)**

**(Cross-Complainants Against Richard Kingsborough, Cindy Kingsborough, and Does 1-100)**

23. Cross-Complainants incorporate by reference each and every paragraph of this Cross-Complaint necessary to state this cause of action as though fully set forth herein.

24. Richard and Cindy and Does 1-100 intentionally failed to disclose to Anvil that KBA was a poorly run business and heavily in debt on the brink of bankruptcy at the time the APA was executed. Anvil did not know any of the concealed facts.

25. They also made misrepresentations about KBA, including but not limited to: (1) that the equity value of KBA's equipment was worth close to $8 Million; (2) litigation was not pending or threatened against KBA; and (3) KBA was not in default of any agreement.

26. These misrepresentations were false, and Richard, Cindy, and Does 1-100 made them with knowledge they were false when they made them, or otherwise made them recklessly and without regard for their truth. To provide examples; in June 2023, KBA's cash flow problems were so severe that it was not able to meet its payroll without immediate help; KBA's equipment was so burdened with debt and so poorly maintained that its true equity value in such equipment was substantially less than $8 Million; prior to the APA's execution, numerous creditors had

claimed default and breach by KBA due to non-payment; and a $3 Million lawsuit for past-due payments was filed against KBA within days of the APA's execution, which ultimately led to a judgment against KBA for $3 Million.

27. Given KBA's poor management, poor project cost estimating, and poor accounting, the projects contemplated by the APA that Anvil would assume operated at a substantial combined net loss, causing Anvil to suffer approximately $17.2 Million in combined net losses.

28. Richard, Cindy, and Does 1-100 intended to deceive Anvil such that Anvil would rely on the misrepresentations and concealments such that the APA would be executed.

29. Anvil reasonably relied on Richard, Cindy, and Does 1-100's misrepresentations and concealments in its execution of the APA. Had the misrepresentations and concealments not been made, Anvil would not have entered into the APA.

30. Anvil was accordingly harmed because it executed the APA, which was financially disastrous—resulting in millions of dollars in losses. Anvil's reliance on Richard, Cindy, and Does 1-100's misrepresentations and concealments was a substantial factor in causing Anvil's harm, without which, again, Anvil would not have entered into the APA.

31. Richard, Cindy, and Does 1-100's conduct was carried out willfully, maliciously, fraudulently, and/or with a wanton disregard for Cross-Complainants' rights, entitling Cross-Complainants to punitive damages in an amount to be proven at trial.

WHEREFORE, Cross-Complainants seek relief as set forth in the Prayer for Relief.

## SECOND CAUSE OF ACTION

### (Conversion)

**(Cross-Complainants Against Richard Kingsborough, Cindy Kingsborough, and Does 1-100)**

32. Cross-Complainants incorporate by reference each and every paragraph of this Cross-Complaint necessary to state this cause of action as though fully set forth herein.

33. Anvil had a right to possession of checks constituting payment by general contractors to Anvil for subcontractor work that Anvil had performed.

34. Richard, Cindy, and Does 1-100 substantially interfered with Anvil's right to possession of these checks by knowingly and/or intentionally taking possession of these checks

Case: 25-01008    Doc# 14    Filed: 06/18/25    Entered: 06/18/25 15:31:44    Page 11 of 14

and depositing them into KBA's bank account, of which both Cindy and Richard exclusively control.

35. Richard, Cindy, and Does 1-100 deposited these checks without Anvil's authorization, and Anvil did not consent to the deposit of these checks into KBA's account.

36. Anvil has suffered harm because of such misconduct, in excess of hundreds of thousands of dollars. Richard, Cindy, and Does 1-100's conduct was a substantial factor in causing Anvil's harm.

37. Richard, Cindy, and Does 1-100's conduct was carried out willfully, maliciously, fraudulently, and/or with a wanton disregard for Cross-Complainants' rights, entitling Cross-Complainants to punitive damages in an amount to be proven at trial.

WHEREFORE, Cross-Complainants seek relief as set forth in the Prayer for Relief.

## THIRD CAUSE OF ACTION

### (Breach of Fiduciary Duty)

### (Cross-Complainants Against Cross-Defendants)

38. Cross-Complainants incorporate by reference each and every paragraph of this Cross-Complaint necessary to state this cause of action as though fully set forth herein.

39. Following execution of the APA, Cross-Defendants became Anvil's employees. As agents to Anvil, they owed fiduciary duties to Anvil, including of loyalty, confidentiality, and to otherwise act in Anvil's best interests and avoid any actions that could harm Anvil.

40. Cross-Defendants breached their fiduciary duties by: misappropriating sums of money and/or trade secrets from Anvil; and knowingly acting against Anvil's interests in connection with such conduct and acting on behalf of others (including KBA) whose interests were adverse to Anvil. Cross-Defendants knew that the client list constituted Anvil's confidential information that was not a matter of general knowledge, and they improperly acquired, used, and disclosed such confidential information.

41. Anvil did not give informed consent to such conduct, and Anvil was harmed. Cross-Defendants' conduct was a substantial factor in causing Anvil's harm.

42. Richard, Cindy, and Does 1-100's conduct was carried out willfully, maliciously,

8
CROSS-COMPLAINT

fraudulently, and/or with a wanton disregard for Cross-Complainants' rights, entitling Cross-Complainants to punitive damages in an amount to be proven at trial.

WHEREFORE, Cross-Complainants seek relief as set forth in the Prayer for Relief.

## FOURTH CAUSE OF ACTION

**(Misappropriation of Trade Secrets)**

**(Cross-Complainants Against Cross-Defendants)**

43. Cross-Complainants incorporate by reference each and every paragraph of this Cross-Complaint necessary to state this cause of action as though fully set forth herein.

44. Anvil has a client list, identifying those contractors and other private and public entities with which it performs business. This list is proprietary, highly valuable, and private, constituting a trade secret at the time of the misappropriation.

45. Cross-Defendants improperly acquired, used, and disclosed this trade secret. Specifically, on January 8, 2025, Boyce emailed Anvil's client list to Coudret at Coudret's internal work address (hailey@atlas-tree.com). Approximately 20 minutes later, Coudret emailed the Anvil client list from her internal work email address to her external personal email address (haileynoeleisenhauer2@gmail.com). Shortly thereafter, Coudret attempted to destroy the evidence of her theft by unsuccessfully attempting to delete the sent email from her email outbox. On information and belief, both Cindy, Richard, Eisenhauer (Coudret's mother), and Does 1-100 knew about, consented to, and actively participated in this misappropriation of trade secrets.

46. Anvil was harmed by such misappropriation, and Cross-Defendants were otherwise unjustly enriched by misappropriation of the client list, which is highly valuable.

47. Cross-Defendants' acquisition, use, and disclosure of this trade secret was a substantial factor in causing Anvil's harm, and otherwise in causing Cross-Defendants to be unjustly enriched.

48. Cross-Defendants' conduct was carried out willfully, maliciously, fraudulently, and/or with a wanton disregard for Cross-Complainants' rights, entitling Cross-Complainants to punitive damages in an amount to be proven at trial.

WHEREFORE, Cross-Complainants seek relief as set forth in the Prayer for Relief.

9

CROSS-COMPLAINT

**PRAYER FOR RELIEF**

WHEREFORE, Cross-Complainants pray for judgment as follows:

1. For general, special, compensatory, and/or consequential damages in an amount according to proof;

2. For rescission of the APA;

3. For restitution;

4. For disgorgement of monies Cross-Defendants received;

5. For reasonable attorney fees as provided by contract or law;

6. For costs of suit herein incurred;

7. For exemplary and punitive damages pursuant to Civil Code section 3294; and

8. For any and all other relief that the Court deems just and proper.

DATED: May 9, 2025                    DOWNEY BRAND LLP

By: _____
SEAN J. FILIPPINI
CHRISTOPHER M. KOLKEY
Attorneys for Defendant and Cross-Complainants
ANVIL POWER, INC. and ANVIL EQUIPMENT
COMPANY LP, and Defendants ANVIL
BUILDERS INC., ANVIL HOLDINGS, INC.,
ANVIL GROUP, LLC, and ALAN GUY