DOWNEY BRAND LLP
JAMIE P. DREHER (Bar No. 209380)
jdreher@downeybrand.com
SEAN J. FILIPPINI (Bar No. 232380)
sfilippini@downeybrand.com
CHRISTOPHER M. KOLKEY (Bar No. 300206)
ckolkey@downeybrand.com
621 Capitol Mall, 18th Floor
Sacramento, California 95814
Telephone:     916.444.1000
Facsimile:     916.444.2100

Attorneys for ANVIL POWER, INC., ANVIL EQUIPMENT COMPANY LP, ANVIL BUILDERS, ANVIL HOLDINGS, INC., ANVIL GROUP, LLC, ALAN GUY, and RICHARD J. LEIDER

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

In re:

KINGSBOROUGH ATLAS TREE SURGERY, INC.,

  Debtor.

---

KINGSBOROUGH ATLAS TREE SURGERY, INC.,

  Plaintiff,

  v.

ANVIL POWER, INC., a California corporation, ANVIL EQUIPMENT COMPANY LP, a California limited partnership, ANVIL BUILDERS, a California corporation, ANVIL HOLDINGS, INC., a California corporation, ANVIL GROUP, LLC, a California limited liability company; ALAN GUY, an individual; RICHARD J. LEIDER, an individual, and DOES 1-100,

  Defendants.

Case No. 25-10088 WJL

Chapter 11

AP No. 25-01008

**DECLARATION OF CHRISTOPHER M. KOLKEY IN SUPPORT OF DEFENDANTS ANVIL POWER, INC., ANVIL EQUIPMENT COMPANY LP, ANVIL BUILDERS, ANVIL HOLDINGS, INC., ANVIL GROUP, LLC, ALAN GUY, AND RICHARD J. LEIDER MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) AND MOTION TO STRIKE PORTIONS OF FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(f)**

Date: August 13, 2025
Time: 10:30 am
Dept.: 220
Judge: Hon. William J. Lafferty

I, Christopher M. Kolkey, declare:

1. I am a Partner at the law firm Downey Brand LLP, counsel for ANVIL POWER, INC., ANVIL EQUIPMENT COMPANY LP, ANVIL BUILDERS, ANVIL HOLDINGS, INC., ANVIL GROUP, LLC, ALAN GUY, and RICHARD J. LEIDER (collectively, "Defendants"). I have personal knowledge of the facts stated in this declaration, except those matters stated on information and belief. I believe these matters to be true, and I would testify to them if called upon to do so.

2. On or around March 27, 2025, my legal assistant, Susan Youngquist—copying me—emailed counsel for Plaintiffs Kingsborough Atlas Tree Surgery, Inc., Richard Kingsborough, and Cindy Kingsborough (collectively, "Plaintiffs") a meet-and-confer letter about an anticipated Demurrer to the Complaint (which was pending in Sonoma County Superior Court). The letter identified various deficiencies with the Complaint. Attached hereto as **Exhibit A** is a true and correct copy of this March 27, 2025 letter.

3. In response to this letter, I had a telephone call with Philip J. Terry, counsel for Plaintiffs, in which we discussed my letter and the deficiencies that it identified. Plaintiffs thereafter filed a First Amended Complaint, which did not resolve many of the deficiencies that I had previously identified.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 30th day of June, 2025, at Sacramento, California.

             /s/ Christopher M. Kolkey
             CHRISTOPHER M. KOLKEY

DECLARATION OF CHRISTOPHER M. KOLKEY

# Exhibit A

DOWNEYBRAND

Christopher M. Kolkey
ckolkey@downeybrand.com
916.520.5320 Direct
916.520.5830 Fax

Downey Brand LLP
621 Capitol Mall, 18th Floor
Sacramento, CA 95814
916.444.1000 Main
downeybrand.com

March 27, 2025

**VIA ELECTRONIC MAIL**

Philip J. Terry
Kimberly Corcoran
CARLE, MACKIE, POWER & ROSS LLP
100 B Street, Suite 400
Santa Rosa, CA 95401
E-Mail: pterry@cmprlaw.com
E-Mail: kcorcoran@cmprlaw.com

Re: *Kingsborough Atlas Tree Surgery, Inc., et al.* (Case No. 25CV00751)
**Meet and Confer re Demurrer to Complaint**

Dear Mr. Terry and Ms. Corcoran:

We write to meet and confer with you pursuant to Code of Civil Procedure section 430.41(a) about Defendants Anvil Power, Inc., Anvil Equipment Company LP, Anvil Builders, Anvil Holdings, Inc., Anvil Group, LLC, and Alan Guy's (collectively, "Defendants") anticipated Demurrer to Kingsborough Atlas Tree Surgery, Inc., Richard Kingsborough, and Cindy Kingsborough's (collectively, "Plaintiffs") Complaint.[1]

Specifically, the first cause of action (for "breach of contract"), the second cause of action (for "breach of the implied covenant of good faith and fair dealing"), the fourth cause of action (for "injunctive relief"), the fifth cause of action (for "fraud [intentional misrepresentation]"), the sixth cause of action (for "negligent misrepresentation"), the seventh cause of action (for "conversion"), and the eighth cause of action (for "unfair competition [Bus. & Professions Code section 17200]") fail for uncertainty and/or to sufficiently plead claims, and must accordingly be dismissed.

## I. FIRST CAUSE OF ACTION

### First Cause of Action ("Breach of Contract")

**A.   Failure to Plead Contract Terms Allegedly Breached.**

When an action is based on the breach of a written contract, "a copy of the written instrument must be attached and incorporated by reference" or "the terms must be set out verbatim in the body of the complaint." (*Otworth v. Southern Pac. Transp. Co.* (1985) 166 Cal.App.3d 452, 459.) Alternatively, a plaintiff may plead the legal effect of the contract, but such a pleading

---

[1] In the event this lawsuit is removed to federal court, this letter shall be treated as meeting and conferring with you about an anticipated Motion to Dismiss the Complaint.

requires "a careful analysis of the instrument, comprehensiveness in statement, and avoidance of legal conclusions." (*Heritage Pac. Fin., LLC v. Monroy* (2013) 215 Cal.App.4th 972, 993; *see also Alvarez v. Nationstar Mortgage LLC*, No. 15-CV-04204-BLF, 2016 WL 4070137 (N.D. Cal. July 19, 2016) [same].)

The Complaint does not attach the contract allegedly breached, let alone set forth the terms verbatim in the body of the Complaint, or properly plead the legal effect of the contract.

**B.     Liability of Anvil Builders, Anvil Holdings, Inc., Anvil Group, LLC, and Alan Guy Is Not Pleaded in the Complaint.**

The Complaint purports that "Defendants have materially breached the Agreement." (Compl., ¶ 83.) But, nowhere does the Complaint allege that Anvil Builders, Anvil Holdings, Inc., Anvil Group, LLC, and Alan Guy actually entered into any agreement with Plaintiffs. This is because Anvil Builders, Anvil Holdings, Inc., Anvil Group, LLC, and Alan Guy never in fact did. No theory is alleged in the Complaint that would make Anvil Builders, Anvil Holdings, Inc., Anvil Group, LLC, and Alan Guy liable for breach of contract.

## II.     SECOND CAUSE OF ACTION

### ("Breach of Implied Covenant of Good Faith and Fair Dealing")

**A.     Liability of Anvil Builders, Anvil Holdings, Inc., Anvil Group, LLC, and Alan Guy Is Not Pleaded in the Complaint.**

The Complaint names all Defendants, including Anvil Builders, Anvil Holdings, Inc., Anvil Group, LLC, and Alan Guy, to this cause of action. But, as explained above with respect to the breach of contract cause of action, Anvil Builders, Anvil Holdings, Inc., Anvil Group, LLC, and Alan Guy are not alleged to have ever entered into any agreement with Plaintiffs. Nor can this be alleged.

**B.     This Cause of Action Is Impermissibly Duplicative of the Breach of Contract Claim.**

"A 'breach of the implied covenant of good faith and fair dealing involves something beyond breach of the contractual duty itself'" (*Careau & Co. v. Security Pacific Business Credit, Inc.* (1990) 222 Cal.App.3d 1371, 1394.) As the California Supreme Court explained, "where breach of an actual [contract] term is alleged, a separate implied covenant claim, based on the same breach, is superfluous." (*Guz v. Bechtel Nat. Inc.* (2000) 24 Cal.4th 317, 327.)

A long line of California cases establish that a claim for breach of the implied covenant must be dismissed when the allegations "do not go beyond the statement of a mere contract breach and, relying on the same alleged acts, simply seek the same damages or other relief already claimed in a companion contract cause of action." (*Careau*, *supra*, 222 Cal.App. 3d at 1395.) In such circumstances, the claim for breach of the implied covenant "may be disregarded as superfluous as no additional claim is actually stated." (*Id*.)

The Complaint does not allege any breaches beyond the statement of a mere purported contract breach, alleging only: "Defendants' refusal to comply with the Agreement has prevented

Plaintiffs from receiving the benefits of the Agreement." (Compl., ¶ 87.) Putting aside that the allegation is unacceptably vague, it therefore fails as duplicative and superfluous.

### III. FOURTH CAUSE OF ACTION

### ("Injunctive Relief")

It is well-established that injunctive relief is a remedy, not a cause of action. (*Shell Oil Co. v. Richter* (1942) 52 Cal.App.2d 164, 168; *Nardico v. J P Morgan Chase and Co.*, No. C 12-4891 PJH, 2013 WL 144096 (N.D. Cal. Jan. 11, 2013) ["injunctive relief is a remedy, not a cause of action in federal court"].) As such, the Complaint's purported cause of action for injunctive relief fails to state a claim for which relief can be granted.

### IV. FIFTH CAUSE OF ACTION

### ("Fraud [Intentional Misrepresentation]")

**A.    The Cause of Action Is Not Pleaded With the Requisite Level of Specificity.**

Allegations of fraud must be pleaded with particularity, which requires pleading facts that "show how, when, where, to whom, and by what means the representations were tethered." (*Hamilton v. Greenwich Investors XXVI, LLC* (2011) 195 Cal.App.4th 1602, 1614; *see also Chapman, supra,* 220 Cal.App.4th at 231 ["Each element of a fraud count must be pleaded with particularity so as to apprise the defendant of the specific grounds for the charge and enable the court to determine whether there is any basis for the cause of action . . . ."]; see also Fed R. Civ. P. 9(b) [establishing that an allegation of "fraud or mistake must state with particularity the circumstances constituting fraud"]; *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047 (9th Cir. 2011) [requiring the "who, what, when, where, where, and how" be pleaded].)

The alleged fraud is pleaded nowhere close to the required level of specificity. The Complaint groups all defendants under the same banner as "Defendants", with no effort to parcel out exactly who said what, and on whose behalf. Indeed, the Complaint does not even allege Anvil Builders, Anvil Holdings, Inc., and Anvil Group, LLC's relationship (if any) to Plaintiffs, except to vaguely allege they are "all subsidiary and related entities." (Compl., ¶ 22.) Nor does the claim allege where representations were made, by what means of communication, and when (not a single date is provided).

### V. SIXTH CAUSE OF ACTION

### ("Negligent Misrepresentation")

**A.    The Cause of Action Is Not Pleaded With the Requisite Level of Specificity.**

This cause of action is defective for lack of pleading negligent misrepresentation for the same reason that the intentional misrepresentation claim is insufficiently pleaded.

**B.     There Is No Cause of Action for "Negligent" False Promise, and the Cause of Action Is Otherwise Barred by the Economic Loss Rule.**

The Complaint's cause of action for "Negligent Misrepresentation" alleges that, "[i]n negotiating the Agreement and describing the Agreement and the intent of the Agreement after execution," Defendants made various purported representations that were allegedly false and Defendants purportedly "never intended to perform according to the terms of the Agreement…." (Compl., ¶¶ 117-125.) This is, in essence, a claim for "false promise"—a subspecies of fraud. Indeed, a cause of action for false promise requires the following elements be alleged: (1) that defendant made a promise to plaintiff; (2) that defendant did not intend to perform this promise when it made it; (3) that defendant intended that plaintiff rely on this promise; (4) that plaintiff reasonably relied on defendant's promise; (5) that defendant did not perform this promised act; (6) that plaintiff was harmed; and (7) that plaintiff's reliance on defendant's promise was a substantial factor in causing its harm. (CACI 1902.)

A cause of action for "false promise" requires intentionality. An honest but unreasonable intention to perform is not a false promise, and a false promise made without any intention to perform is an intentional act, not a negligent one. (*Tarmann v. State Farm Mut. Auto. Ins. Co.* (1991) 2 Cal.App.4th 153, 159.) There is therefore no cause of action for negligent false promise. It is perhaps for this reason that the Complaint's cause of action for "Negligent Misrepresentation" does not even allege negligent conduct, but instead alleges that Defendants "knew that the representations were false" and "never intended to perform" under the Agreement. (Compl., ¶ 119.)

Further, even if a cause of action for negligent misrepresentation in the formation of a contract did exist, it would be barred by the economic loss rule. Claims based on non-intentional torts are not recoverable in tort unless they are independent of the parties' underlying contracts. (*Sheen v. Wells Fargo Bank, N.A.* (2022) 12 Cal.5th 905, 923-924.)

## VI.     SEVENTH CAUSE OF ACTION

### ("Conversion")

"The recovery of tort damages for a breach of contract is seldom permitted. (*Stop Loss Ins. Brokers, Inc. v. Brown & Toland Med. Grp.* (2006) 143 Cal.App.4th 1036, 1057-1058.) Generally, outside the insurance context, a tortious breach of contract ... may be found when (1) the breach is accompanied by a traditional common law tort, such as fraud or conversion; (2) the means used to breach the contract are tortious, involving deceit or undue coercion or; (3) one party intentionally breaches the contract intending or knowing that such a breach will cause severe, unmitigable harm in the form of mental anguish, personal hardship, or substantial consequential damages." (*Id*.) "Our Supreme Court has repeatedly emphasized that contract and tort are different branches of the law, and that contract damages are generally limited to those within the contemplation of the parties when the contract was entered into or at least reasonably foreseeable by them at that time; consequential damages beyond the expectations of the parties are not recoverable." (*Id*.) "This limitation on available damages serves to encourage contractual relations and commercial activity by enabling parties to estimate in advance the financial risks of their enterprise." (*Id*.) In contrast, tort damages are awarded to compensate the victim for injury suffered." (*Id*.)

Here, the conversion claim merely alleges a purported contract breach, alleging: "By taking possession of millions of dollars' worth of equipment and property belonging to Plaintiffs without paying for such equipment and property as described herein above, including the secreting of equipment away and hiding the same from Plaintiffs after Plaintiffs' demands on Defendants to pay for or return such equipment and property, Defendants have engaged in conversion." (Compl., ¶ 127.) This is not a separate tort, independent of the alleged breach of contract claim. (*See, e.g., Voris v. Lampert* (2019) 7 Cal.5th 1141, 1162 [rejecting conversion claim for nonpayment of wages when the availability of such claim would transform a category of contract claims into torts, and pile additional measures of tort damages…."].)

Further, the cause of action does not allege exactly how Anvil Builders, Anvil Holdings, Inc., Anvil Group, LLC, and Alan Guy are involved with any purported unfair business practices, let alone any relationship to Plaintiffs, except to vaguely allege that the entities are "all subsidiary and related entities." (Compl., ¶ 22.)

## VII. EIGHTH CAUSE OF ACTION

### ("Unfair Competition [Bus. & Professions Code Section 17200]")

"A plaintiff alleging unfair business practices under these statutes must state with reasonable particularity the facts supporting the statutory elements of the violation." (*Khory v. Maly's of California, Inc.* (1993) 14 Cal.App.4th 612, 619.) The Complaint does not allege any particular section of the statutory scheme that was violated, let alone describe with any particularity the facts supporting violation. In fact, the cause of action does not even allege exactly how Anvil Builders, Anvil Holdings, Inc., Anvil Group, LLC, and Alan Guy are involved with any purported unfair business practices, let alone any relationship to Plaintiffs, except to vaguely allege that the entities are "all subsidiary and related entities." (Compl., ¶ 22.) The cause of action therefore fails for failure to state a claim.

## Conclusion

We request that you dismiss the first, second, fourth, sixth, seventh, and eighth causes of action against Defendants. Pursuant to Code of Civil Procedure section 430.41(a), we request that you confer with us telephonically about our anticipated Demurrer by this Wednesday, April 2, 2025. Accordingly, please let us know your availability to telephonically discuss our anticipated Demurrer.

Sincerely,

DOWNEY BRAND LLP

Christopher M. Kolkey

cc: Sean J. Filippini (via e-mail)

4675664.1